UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

GILMER M. VARGAS,
and other similarly situated individuals,

    Plaintiff (s),

v.

EEB ELECTRIC SERVICES CORP.
and EDGARD E. PONCE BARRIGA,
individually,

    Defendants,

_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff GILMER M. VARGAS and other similarly situated individuals, by and through the undersigned counsel, and sues Defendants EEB ELECTRIC SERVICES CORP., and EDGARD E. PONCE BARRIGA individually and alleges:

1. This is an action to recover money damages for unpaid wages, failure to pay overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff GILMER M. VARGAS is a resident of Polk County, Florida, within the jurisdiction of this Honorable Court and is otherwise sui juris. The Plaintiff is a covered employee for purposes of the Act.

3. Defendant EEB ELECTRIC SERVICES CORP., (hereinafter EEB ELECTRIC SERVICES, or Defendant) is a Florida Profit Corporation having a place of business in Polk County, Florida. The Defendant was and is engaged in interstate commerce.

4. The individual Defendant EDGARD E. PONCE BARRIGA was and is now the owner/partner and operator of EEB ELECTRIC SERVICES. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Polk County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff GILMER M. VARGAS as a collective action to recover from Defendants, regular wages, overtime compensation, liquidated damages, retaliatory damages, reasonable attorney's fees and costs under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after June 2019, (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Defendant EEB ELECTRIC SERVICES is a staffing company providing labor for the construction industry. Defendants maintain a place of business at 3011 Ivywood LN, Lakeland, Florida 33810.

8. Defendants EEB ELECTRIC SERVICES and EDGARD E. PONCE BARRIGA employed Plaintiff GILMER M. VARGAS as an electrician, from approximately June 17, 2019, through November 01, 2019, or 19 weeks.

9. Plaintiff was sent to work to Randall Mechanical, Inc., a provider of for heating, ventilation, and air conditioning systems (HVAC) installation services, which was located at 3307 Clarcona Road, Apopka, FL 32703.

10. Every day, the Plaintiff reported working directly to the worksite. The Plaintiff was supervised by staff from Randall Mechanical, Inc. and EEB ELECTRIC SERVICES.

11. During the relevant time of employment, Plaintiff was a non-exempted, full-time, hourly, construction employee with a wage rate of $15.00 an hour.

12. While employed by Defendants Plaintiff had a regular schedule. The Plaintiff worked 5 days per week, an average of 40 hours weekly.

13. However, during his employment with Defendant Plaintiff was not paid his regular wages for many weeks, at any rate, not even the minimum wage rate as established by the Fair Labor Standards Act.

14. In addition, the Plaintiff did not receive payment for a total of 18 overtime hours, produced in 2 weeks.

15. The Plaintiff did not clock-in and out, but he signed timesheets from Randall Mechanical, Inc. Defendants were able to track the hours worked by the Plaintiff and other similarly situated individuals.

16. Therefore, Defendant willfully failed to pay Plaintiff regular wages and overtime hours at the rate of time and one-half his regular rate for every hour that he worked

    in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

17. Between June and July 2019, the Plaintiff received a total of $1,600.00 as partial payment for his working hours.

18. The Plaintiff was paid cash without any paystub providing basic information about the total number of days and hours worked, wage-rate, etc.

19. The Plaintiff was not in agreement with the lack of payment for his working hours and he complained to the Defendants several times, Defendants always promised to pay him soon, but they did not fix the situation.

20. On or about November 01, 2019, the Plaintiff was called to a meeting with the management of Randall Mechanical and EEB ELECTRIC SERVICES. In this meeting, Plaintiff complained about his unpaid wages. to the owner of EEB ELECTRIC SERVICES. As a result of the Plaintiff's complaints, the owner of EEB ELECTRIC SERVICES the business, EDGARD E. PONCE BARRIGA, refused to pay Plaintiff his rightful wages and fired him.

21. The Plaintiff is not in possession of time and payment records, but he will provide a preliminary good faith estimate of his unpaid wages. The Plaintiff will adjust his calculations after proper discovery.

22. Plaintiff GILMER M. VARGAS seeks to recover regular wages, overtime hours, liquidated and retaliatory damages, as well as any other relief as allowable by law.

23. The additional persons who may become Plaintiffs in this action are/were non-exempt hourly employees who worked in excess of forty (40) hours during one or more workweeks during the relevant time period, but who did not receive minimum

wages and overtime payment at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a)(1); FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

24. Plaintiff GILMER M. VARGAS re-adopts every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

25. This action is brought by Plaintiff GILMER M. VARGAS, and those similarly-situated, to recover from his employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

26. The employer EEB ELECTRIC SERVICES was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a staffing business providing workers for construction companies. The Defendant has more than two employees directly and recurrently engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

27. The Plaintiff was employed by an enterprise engaged in interstate commerce. The Perre3rlaintiff and other employees similarly situated handled and worked on goods and materials and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

28. Defendants EEB ELECTRIC SERVICES and EDGARD E. PONCE BARRIGA employed Plaintiff GILMER M. VARGAS as an electrician, from approximately June 17, 2019, through November 01, 2019, or 19 weeks.

29. During the relevant time of employment, Plaintiff was a non-exempted, full-time, hourly construction worker with a wage rate of $15.00 an hour. The Plaintiff's overtime rate should be $22.50 an hour.

30. While employed by Defendants Plaintiff had a regular schedule and he worked an average of 40 hours per week. However, in 2 weeks the Plaintiff worked a total of 18 overtime hours that were not paid at any rate, not even at the minimum wage rate.

31. The Plaintiff did not clock-in and out, but he signed timesheets and Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

32. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

33. The records, if any, concerning the number of hours worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be

in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by the Plaintiff and other employees in the asserted class.

34. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

35. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

36. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages are as follows:

*Please note that this is only a good faith estimate of the unpaid overtime. The plaintiff will amend his calculations after proper discovery.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Four Hundred Five Dollars and 00/100 ($405.00)

   b. <u>Calculation of such wages</u>:

   Total weeks of employment: 19 weeks
   Total relevant number of weeks: 2 weeks
   Total number of overtime hours: 18
   Regular rate: $15.00 an hour x 1.5= $22.50
   O/T rate: $22.50

   O/T rate 22.50 x 18 O/T hours=$405.00

   c. <u>Nature of wages (e.g. overtime or straight time)</u>:

   This amount represents unpaid overtime wages.

37. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff

and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

38. Defendants knew and/or showed a reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly situated are entitled to recover double damages.

39. At the times mentioned, individual Defendant EDGARD E. PONCE BARRIGA was, and is now, the owner/director and manager of Defendant Corporation EEB ELECTRIC SERVICES. Individual Defendant EDGARD E. PONCE BARRIGA was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interest of EEB ELECTRIC SERVICES in relation to its employees, including Plaintiff and others similarly situated. Individual Defendant EDGARD E. PONCE BARRIGA had absolute operational and financial control of EEB ELECTRIC SERVICES and he is jointly and severally liable for the Plaintiff's damages.

40. Defendants EEB ELECTRIC SERVICES and EDGARD E. PONCE BARRIGA willfully and intentionally refused to pay Plaintiff GILMER M. VARGAS overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

41. The Plaintiff seeks to recover for any unpaid overtime wages accumulated from the date of hire to his last day of employment.

42. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff GILMER M. VARGAS and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff GILMER M. VARGAS and other similarly situated and against the Defendants EEB ELECTRIC SERVICES and EDGARD E. PONCE BARRIGA, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff GILMER M. VARGAS an equal amount in double damages/liquidated damages; and

D. Award Plaintiff GILMER M. VARGAS reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff GILMER M. VARGAS and those similarly situated demand trial by a jury of all issues triable as of right by jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

43. Plaintiff GILMER M. VARGAS re-adopts every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

44. This action is brought by Plaintiff GILMER M. VARGAS and those similarly-situated to recover from the Employer EEB ELECTRIC SERVICES unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

45. The employer EEB ELECTRIC SERVICES was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a staffing business providing workers for construction companies Defendant has more than two employees directly and recurrently engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

46. The Plaintiff was employed by an enterprise engaged in interstate commerce. The Plaintiff and other employees similarly situated handled and worked on goods and materials and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

47. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is

employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

48. Defendants EEB ELECTRIC SERVICES and EDGARD E. PONCE BARRIGA employed Plaintiff GILMER M. VARGAS as an electrician, from approximately June 17, 2019, through November 01, 2019, or 19 weeks.

49. During the relevant time of employment, Plaintiff was a non-exempted, full-time, hourly construction worker with a wage rate of $15.00 an hour.

50. While employed by Defendants Plaintiff had a regular schedule. The Plaintiff worked 5 days per week, an average of 40 hours weekly.

51. However, during his employment with Defendant Plaintiff was not paid his regular wages for many weeks, at any rate, not even the minimum wage rate as established by the Fair Labor Standards Act.

52. The Plaintiff signed timesheets from Randall Mechanical, Inc. and Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals.

53. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act.

54. The records, if any, concerning the number of hours worked by Plaintiff GILMER M. VARGAS, and all others similarly situated employees, and the compensation paid to such employees should be in the possession and custody of

Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

55. The Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

56. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

57. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

*Plaintiff wage-rate was $15.00 an hour. Florida's minimum wage in 2019 is $8.46, which is higher than the federal minimum wage. As per FLSA regulations the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

   Four Thousand Eight Hundred Twenty-Nine Dollars and 60/100 ($4,829.60)

   b. <u>Calculation of such wages</u>:

   Total relevant weeks of employment: 19 weeks
   Total unpaid weeks:  19 weeks
   Total hours worked: 40 hours weekly
   Florida minimum wage 2019:  $8.46

   -2019 Fl. minimum wage $8.46 x 40 hrs.= $338.40 x 19 weeks=$6,429.60
    Less 1,600.00 paid July 2019 = $4,829.60

   c. <u>Nature of wages</u>:

   This amount represents unpaid regular wages.

58. Defendants EEB ELECTRIC SERVICES, and EDGARD E. PONCE BARRIGA willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

59. Defendants EEB ELECTRIC SERVICES and EDGARD E. PONCE BARRIGA knew and/or showed a reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages as set forth above, and Plaintiff is entitled to recover double damages.

60. At the times mentioned, individual Defendant EDGARD E. PONCE BARRIGA was, and is now, the owner/director and manager of Defendant Corporation EEB ELECTRIC SERVICES. Individual Defendant EDGARD E. PONCE BARRIGA was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in the interest of EEB ELECTRIC SERVICES in relation to its employees, including Plaintiff and others similarly situated. Individual Defendant EDGARD E. PONCE BARRIGA had absolute operational and financial control of EEB ELECTRIC SERVICES and he is jointly and severally liable for the Plaintiff's damages.

61. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff GILMER M. VARGAS and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff GILMER M. VARGAS and against the Defendants EEB ELECTRIC SERVICES, and EDGARD E. PONCE BARRIGA on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff GILMER M. VARGAS and those similarly situated demand trial by a jury of all issues triable as of right by jury.

## COUNT III
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF PLAINTIFF; PURSUANT TO 29 U.S.C. 215(a)(3); AGAINST ALL DEFENDANTS

62. Plaintiff GILMER M. VARGAS re-adopts every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

63. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

64. The employer EEB ELECTRIC SERVICES was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a staffing business providing workers for construction companies Defendant has more than two employees directly and recurrently engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

65. The Plaintiff was employed by an enterprise engaged in interstate commerce. The Plaintiff and other employees similarly situated handled and worked on goods and materials and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

66. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

67. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

68. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

69. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any

proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

70. Defendants EEB ELECTRIC SERVICES and EDGARD E. PONCE BARRIGA employed Plaintiff GILMER M. VARGAS as an electrician, from approximately June 17, 2019, through November 01, 2019, or 19 weeks.

71. The Plaintiff was a non-exempted, full-time, hourly construction worker with a wage rate of $15.00 an hour.

72. While employed by Defendants Plaintiff had a regular schedule. The Plaintiff worked 5 days per week, an average of 40 hours weekly.

73. However, during his employment with Defendant Plaintiff was not paid his regular wages for many weeks, at any rate, not even the minimum wage rate as established by the Fair Labor Standards Act.

74. In addition, the Plaintiff did not receive payment for a total of 18 overtime hours, produced in 2 weeks.

75. The Plaintiff did not clock-in and out, but he signed timesheets from Randall Mechanical, Inc. Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals.

76. Therefore, Defendant willfully failed to pay Plaintiff regular wages and overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

77. Between June and July 2019, the Plaintiff received a total of $1,600.00 as partial payment for his working hours.

78. The Plaintiff was not in agreement with the lack of payment for his working hours and he complained to the Defendants several times. Defendants always promised to pay him soon and Plaintiff continued working and expecting to be paid.

79. On or about November 01, 2019, the Plaintiff was called to a meeting with management of Randall Mechanical and EEB ELECTRIC SERVICES. In this meeting, Plaintiff complained about his unpaid wages to the owner of EEB ELECTRIC SERVICES.

80. These complaints constituted protected activity under the Fair Labor Standards Act.

81. Because of Plaintiff's complaints, the owner of the EDGARD E. PONCE BARRIGA refused to pay Plaintiff his rightful wages and fired him.

82. At all times during his employment, the Plaintiff performed his work satisfactorily. There was no reason other than retaliation to Plaintiff's retaliatory discharge.

83. At the times mentioned, individual Defendant EDGARD E. PONCE BARRIGA was, and is now, the owner/director and manager of Defendant Corporation EEB ELECTRIC SERVICES. Individual Defendant EDGARD E. PONCE BARRIGA was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in the interest of EEB ELECTRIC SERVICES in relation to its employees, including Plaintiff and others similarly situated. Individual Defendant EDGARD E. PONCE BARRIGA had absolute operational and financial control of EEB ELECTRIC SERVICES and he is jointly and severally liable for the Plaintiff's damages.

84. The motivating factor which caused the Plaintiff's discharge as described above was his complaints seeking unpaid regular and overtime wages from the Defendants. In other words, Plaintiff would not have been discharged but for his complaints about unpaid overtime wages.

85. The Defendants' discharge of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, the Plaintiff has been damaged.

86. Plaintiff GILMER M. VARGAS has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff GILMER M. VARGAS respectfully request that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants EEB ELECTRIC SERVICES and EDGARD E. PONCE BARRIGA that Plaintiff GILMER M. VARGAS recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants EEB ELECTRIC SERVICES and EDGARD E. PONCE BARRIGA to make whole the Plaintiff by providing appropriate back pay and other

benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff GILMER M. VARGAS further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff GILMER M. VARGAS demands trial by a jury of all issues triable as of right by jury.

DATED:  December 12, 2019

Respectfully Submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*